## IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

FILED
SEP 07 2011

*Sayd Apett*
CIRCUIT CLERK

G.M. SIGN, INC., an Illinois corporation,　)
individually and as the representative of a　)
class of similarly-situated persons,　)
　)
　)
　　　　　Plaintiff,　)
　)　No.　11 CH 4056
　　v.　)
　)
ELM STREET CHIROPRACTIC LTD. and　)
JOHN DOES 1-10,　)
　)
　)
　　　　　Defendants.　)

### CLASS ACTION COMPLAINT

Plaintiff, G.M. SIGN, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, ELM STREET CHIROPRACTIC LTD. and JOHN DOES 1-10 ("Defendants").

### PRELIMINARY STATEMENT

1.　This case challenges Defendants' practice of faxing unsolicited advertisements.

2.　The Federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.　Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

NOTICE
BY LOCAL RULE 2.12
THIS CASE IS HEREBY SET FOR A SCHEDULING
CONFERENCE IN COURTROOM ___ ON ___1/2___
___, AT ___ O'CLOCK ___ DAY ___ WAY RESULT

EXHIBIT "A"

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA:

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants has transacted business and committed tortious acts related to the matters complained of herein.

7.      Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Lake County, Illinois.

8.      Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.      On information and belief, Plaintiff, G.M. SIGN, INC., is an Illinois corporation with its principal place of business in Lake County, Illinois.

10.     On information and belief, Defendant, ELM STREET CHIROPRACTIC LTD., is an Illinois corporation with its principal place of business in McHenry, Illinois.  JOHN DOES 1-10 will be identified in discovery but are not presently known.

## FACTS

11.     On or about March 15, 2011, Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12.     Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

13.     Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

14.     Plaintiff had not invited or given permission to Defendants to send faxes.

15.     On information and belief, Defendants faxed the same or similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

16.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

17.     Defendants' facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

18.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

19.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

20.     A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)     Whether Defendants sent unsolicited fax advertisements;

(ii)     Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii)     The manner and method Defendants used to compile or obtain the list of fax numbers to which he sent Exhibit A and other unsolicited faxed advertisements;

(iv)     Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)     Whether Defendants violated the provisions of 47 USC § 227;

(vi)     Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)     Whether Defendants should be enjoined from faxing advertisements in the future;

(viii)     Whether the Court should award trebled damages; and

4

(ix)     Whether Exhibit A and Defendants' other advertisements

displayed a proper opt out notice as required by 64 C.F.R. 1200.

21.     Plaintiff will fairly and adequately protect the interests of the other class

members.  Plaintiff's counsel are experienced in handling class actions and claims involving

unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse

or in conflict with the absent class members.

22.     A class action is an appropriate method for adjudicating this controversy fairly

and efficiently.  The interest of each individual class member in controlling the prosecution of

separate claims is small and individual actions are not economically feasible.

23.     The TCPA prohibits the "use of any telephone facsimile machine, computer or

other device to send an unsolicited advertisement to a telephone facsimile machine...." 47

U.S.C. § 227(b)(1).

24.     The TCPA defines "unsolicited advertisement," as "any material advertising the

commercial availability or quality of any property, goods, or services which is transmitted to any

person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

25.     The TCPA provides:

> 3.     <u>Private right of action</u>.  A person may, if otherwise
> permitted by the laws or rules of court of a state, bring in an
> appropriate court of that state:
>
>> (A)     An action based on a violation of this
>> subsection or the regulations prescribed under this
>> subsection to enjoin such violation,
>
>> (B)     An action to recover for actual monetary
>> loss from such a violation, or to receive $500 in damages
>> for each such violation, whichever is greater, or
>
>> (C)     Both such actions.

26. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

27. Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

28. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if his actions were only negligent.

29. Defendants knew or should have known that (A) Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, (B) that Plaintiff and the other class members did not have an established business relationship with Defendants, (C) that Exhibit A and the other advertisements sent were advertisements, and (D) that Exhibit A and the other advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

30. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' unauthorized faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' unauthorized faxes interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

31.     Even if Defendants did not intend to cause damage to Plaintiff and the other class

members, did not intend to violate their privacy, and did not intend to waste the recipients'

valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a

strict liability statute.

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others

similarly situated, demands judgment in its favor and against Defendants, ELM STREET

CHIROPRACTIC LTD. and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly

maintained as a class action, appoint Plaintiff as the representative of the class, and appoint

Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendants from engaging in the

statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and

proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and

fees.

## COUNT II
## CONVERSION

32.     Plaintiff incorporates paragraph 3, and paragraphs 6 through 16 as and for its

paragraph 32.

33.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion

under the common law for the following class of persons:

> All persons who on or after five years prior to the filing of this
> action, were sent telephone facsimile messages by or on behalf of
> Defendants.

34.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited faxes;

(ii)     The manner and method Defendants used to compile or obtain the list of fax numbers to which he sent Exhibit A and other unsolicited faxes; and

(iii)     Whether Defendants committed the tort of conversion.

35.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving improper business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

36.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

37.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly converted their fax machines, toner and paper to his own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

38.     Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

39.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

40.     Defendants knew or should have known that his misappropriation of paper, toner, and employee time was wrongful and without authorization.

41.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

42.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unauthorized faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

43.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unauthorized faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, ELM STREET CHIROPRACTIC LTD. and JOHN DOES 1-10, jointly and severally, as follows:

A.   That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.   That the Court award appropriate damages;

C.   That the Court award costs of suit; and

D.   Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

44.   Plaintiff incorporates paragraph 3 and paragraphs 6 through 16 as and for its paragraph 44.

45.   In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unauthorized faxes:

> All persons in Illinois who on or after a date three years prior to the filing of this action were sent telephone facsimile messages by or on behalf of Defendants.

46.   A class action is proper in that:

(a)   On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)   There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

        (i)      Whether Defendants engaged in a pattern of sending unsolicited faxes;

        (ii)     The manner and method Defendants used to compile or obtain the list of fax numbers to which he sent Exhibit A and other unsolicited faxes;

        (iii)    Whether Defendants' practice of sending unsolicited faxes violates Illinois public policy;

        (iv)    Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

        (v)     Whether Defendants should be enjoined from sending unsolicited faxes in the future.

47.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

48.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

49.    Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' messages.

50.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

51.     Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

52.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, ELM STREET CHIROPRACTIC LTD. and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award attorney fees and costs;

D.     That the Court enter an injunction prohibiting Defendants from sending unsolicited faxes to Illinois consumers; and

E.  Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

G.M. SIGN, INC., individually and as the representative of a class of similarly-situated persons

By: _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
ARDC No. 3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
ARDC No. 6224502

**EXHIBIT A**

# Do You Have Back Pain?

**Spinal Decompression May Be The Answer**
**FDA Cleared. No Drugs. No Needles. No Surgery!!**

## Painless and Effective Clinically Proven Results

**If You Have: Sciatica , Herniated Disc , Bulging Disc or Stenosis**

**You Take Pain Medications**

**BUT ARE CONCERNED ABOUT THE HARMFUL SIDE-EFFECTS!**

You Tried An Epidural THAT DIDN'T WORK!

You Definitely Don't Want Surgery BUT WHAT ELSE CAN YOU DO?

# 815-344-1025

ELM STREET CHIROPRACTIC
4921 W. ELM STREET
MCHENRY IL 60050
Dr. Kenneth Reiser D.C.

Call Today And Qualify for A Free Consultation , $25.00 first 2 xrays
(If needed) and  $25.00 first treatment (Includes adjustment and one
spinal decompression treatment.  Call today 815 -344- 1025. Due
to the large number of calls this offer Is limited to the first 25
callers , so call now . Medicare and medicaid may not qualify for this
offer.

If you have received this fax by mistake and want to be taken off our list,
please write your fax number on this flyer and fax it to 815-344-1208

**IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

G.M. SIGN, INC., an Illinois corporation, )
individually and as the representative of a )
class of similarly-situated persons, )
                               )
                 Plaintiff, )
                               )   No. **11 CH 4056**
     v. )
                               )
ELM STREET CHIROPRACTIC LTD. and )
JOHN DOES 1-10, )
                               )
             Defendants. )

**FILED**
**SEP 07 2011**
*[signature]*
**CIRCUIT CLERK**

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, G.M. SIGN, INC., by its attorneys, Anderson + Wanca and Bock & Hatch,

LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendants, (3) from whom Defendants
> did not obtain prior express permission or invitation to send those
> faxes, (4) with whom Defendants did not have an established
> business relationship, and (5) which did not display a proper opt
> out notice.

> All persons who on or after a date five years prior to the filing of
> this action, were sent telephone facsimile messages by or on behalf
> of Defendants.

> All persons in Illinois who on or after a date three years prior to the
> filing of this action, were sent telephone facsimile messages by or
> on behalf of Defendants.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, G.M. SIGN, INC., prays that this court enter an order pursuant

to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

G.M. SIGN, INC., individually, and as the
representative for a class of similarly-situated
persons

By:   

One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500
Fax:  847/368-1501
ARDC No. 3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St., #1000
Chicago, IL 60602
Telephone: 312/658-5500
Fax: 312/658-5500
ARDC No. 6224502

2