IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| G.M. SIGN, INC., an Illinois corporation, individually and as a representative of a class of similarly-situated persons, Plaintiff, | ) | |
| v. | ) | 11 C 7225 |
| ELM STREET CHIROPRACTIC, LTD. and JOHN DOES 1-10, Defendants. | ) | Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiff G.M. Sign, Inc. ("G.M. Sign") sent a one-page unsolicited fax advertisement to Defendant Elm Street Chiropractic, Ltd. ("Elm Street") on September 7, 2011. In response, G.M. Sign filed this three-count Class Action Complaint in the Circuit Court of Lake County, Illinois, alleging violations of state and federal law. On October 12, 2011, Elm Street removed this action to federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. G.M. Sign purports to represent a class of similarly situated plaintiffs, but at this time no class has been certified. The Complaint alleges that Elm Street violated the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (Count I), committed common law conversion of paper, toner and employees' time (Count II), and violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count III). Elm Street moves to dismiss Counts II and III of the Complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, Elm Street's Motion to Dismiss is granted and Counts II and III are dismissed with prejudice.

## I. BACKGROUND

On March 15, 2011, G.M. Sign received on its fax machine a one-page advertisement from Elm Street. (Cplt. ¶11). G.M. Sign claims that Elm Street also faxed the same ad to more than 39 other recipients without their express permission and without displaying a phone number for the recipient to call and prevent future faxes. (Cplt. Ex. A). G.M. Sign lost a single sheet of paper and whatever amount of ink or toner was used in printing that page. (Cplt. ¶37). In Count One, G.M. Sign alleges that Elm Street violated the Federal Telephone Consumer Protection Act ("FTCA") by faxing an unsolicited advertisement. See 47 U.S.C. § 227. Count II of the Complaint states an Illinois common law claim of conversion, premised on the theory that Elm Street misappropriated G.M. Sign's fax machine, paper, toner, and time. Count III of the Complaint alleges that Elm Street violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") by unfairly sending the unsolicited fax. *See* 815 ILCS 505/2.

## II. STANDARD

When considering a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *See Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 1949. Furthermore, "*Twombly* teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009).

## III. DISCUSSION

Elm Street moves to dismiss the conversion claim arguing that it never deprived G.M. Sign of possession of its property-and even if it did, converting one piece of paper and a trivial amount of toner is *de minimis*. Elm Street also argues that it did not violate the ICFA because advertising by fax does not amount to an unscrupulous practice resulting in actual and substantial injury.

### A. Conversion under Illinois Common Law

Under Illinois common law, a plaintiff who seeks to state a claim for conversion must allege: "(1) an unauthorized and wrongful assumption of control, dominion, or ownership by defendant over plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for

possession of the property." *General Motors Corp. v. Douglass*, 565 N.E.2d 93, 96-97 (Ill. App. Ct.1990). An "unauthorized and wrongful assumption of control, dominion, or ownership" is an essential element of a claim for conversion under Illinois law. *See Craig v. City Corp. Savings*, 578 N.E.2d 1331, 1335 (Ill. App. Ct. 1991). G.M. Sign asserts that Elm Street assumed control over its paper, toner, and ink by transmitting to it an unauthorized fax. However, Elm Street claims that it never came into possession of G.M. Sign's property, as its fax machine, paper, toner, and ink remained at all times in the control of G.M. Sign.

Nevertheless, a claim for conversion may exist where the defendant did not exercise dominion or control over the property if the defendant "intentionally destroys a chattel or so materially alters its physical condition as to change its identity or character." Restatement (Second) of Torts § 226; *see e.g., Loman v. Freeman*, 890 N.E.2d 446 (2008). Some courts have held that an unsolicited fax may give rise to such a conversion claim. *See e.g. Brodsky v. Humanadental Insurance Co.*, No. 10 C 3233, 2011 WL 529302 (N.D. Ill. Feb. 8, 2011) (Holderman, J.) (holding that conversion claim was sufficiently alleged and not barred by the *de minimis* doctrine); *Glen Ellyn Pharmacy, Inc. v. Meda Pharmaceuticals, Inc. et al.*, No. 09 C 4100, 2011 WL 196925 (N.D. Ill. Jan. 13, 2011) (Gottschall, J.) (same); *Green v. Anthony Clark Intern. Ins. Brokers, Ltd.*, No. 09 C 1541, 2009 WL 2515594 (N.D. Ill. Aug. 17, 2009) (Kennelly, J.) (same); *R. Rudnick & Co. v. G.F. Protection, Inc.*, No. 08 C 1856, 2009 WL 112380 (N.D. Ill. Jan. 15, 2009) (Gottschall, J.) (same); *Pollack v. Cunningham Financial Group, LLC*, No. 08 C 1405, 2008 WL 4874195 (N.D. Ill. June 2, 2008) (Hibbler, J.) (same); *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892 (N.D. Ill. May 27, 2008) (Aspen, J.) (same); *Centerline Equip. Corp. v. Banner Personnel Services, Inc.*, 545

F. Supp. 2d 768 (N.D. Ill. 2008) (Pallmeyer, J.) (same, although "no individual plaintiff has suffered any great loss," aggregating harm could permit a claim for nominal damages"). These cases rely on the premise that under Illinois law "the essence of conversion is not acquisition by the wrongdoer but a wrongful deprivation of the owner thereof." *Id.* (quoting *Jensen v. Chi. and W. Ind. RR.*, 419 N.E.2d 578, 593 (Ill. App. Ct. 1981)). The idea here being that Elm Street materially altered G.M. Sign's property by printing its advertisement onto G.M. Sign's paper using G.M. Sign's toner. Under this theory, G.M. Sign may sufficiently establish that Elm Street converted its property despite the fact that Elm Street did not ever physically possess the fax machine, the paper or the toner. *See Savanna Group, Inc. v. Truan*, No. 10 C 7995, 2011 WL 703622 at *2 (N.D. Ill. Feb. 22, 2011) (St. Eve, J.); *G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929, 932 (N.D. Ill. 2009) (Zagel, J.); *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 613 (N.D. Ill. 2009) (Kapala, J.).[1]

Yet there is more to the analysis. If the conversion was *de minimus*–-resulting in damages that are minuscule, and mere inconveniences–-then the conversion claim must fail. *See Brandt v. Board of Educ. of City of Chicago*, 480 F.3d 460, 465 (7th Cir. 2007) (holding that damages which are "minuscule to the point of nonexistent" are *de minimis*); *People v. Durham*, 915 N.E.2d 40 (Ill. App. Ct. 2009) (the "maxim *de minimis non curat lex*...retains force in Illinois."); *Savanna Group, Inc. v. Truan*, No. 10 C 7995, 2011 WL 703622 (N.D. Ill. Feb. 22, 2011) (St. Eve, J.) (finding that the *de minimis* doctrine precluded a claim for conversion); *Garrett v. Rangle Dental Lab*, No. 10 C

[1] G.M. Sign's contention that Elm Street converted its employees' time falls short because a "person's time is not chattel over which plaintiff had the immediate and unconditional right to possess." *Stonecrafters*, 633 F.Supp.2d at 613 n.1.

1315, 2010 WL 3034709 (N.D. Ill. Aug 3, 2010) (Bucklo, J.) (same); *Paldo Sign & Display Co. v. Topsail Sportswear, Inc.*, No. 08 C 5959, 2010 WL 276701 (N.D. Ill. Jan. 15, 2010) (Andersen, J.) (same); *ABC Business Forms, Inc. v. Pridamor, Inc.*, No. 09 C 3222, 2009 WL 4679477 (N.D. Ill. Dec. 1, 2009) (Guzman, J.) (same); *G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929 (N.D. Ill. 2009) (Zagel, J.) (same); *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610 (N.D. Ill. 2009) (Kapala, J.) (same); *Rossario's Fine Jewelry, Inc. v. Paddock Publications*, 443 F. Supp. 2d 976 (N.D. Ill. 2006) (Shadur, J.) (holding that not only were the claimed damages *de minimis* but that conversion could not be established because the defendant never came into actual possession of the fax machine, toner, or paper).

The doctrine of *de minimis non curat lex* is a bedrock principle of law that "is part of the established background of legal principles against which all enactments are adopted." *Wis. Dep't of Revenue v. William Wrigley, Jr.*, Co., 505 U.S. 214, 231 (1992). As the court in *Stonecrafters* stated, "'the ancient maxim *de minimus non curat lex* might well have been coined' for the occasion in which a conversion claim is brought based solely on the loss of paper and toner consumed during the one-page unsolicited fax advertisement." 633 F. Supp. 2d at 613 (quoting *Rossario's Fine Jewelry, Inc. v. Paddock Publications*, 443 F.Supp.2d 976, 980 (N.D. Ill. 2006) (Shadur, J.)). Although G.M. Sign purports to represent a class, under Illinois law it cannot aggregate any harm done to other similarly-situated plaintiffs without first showing that it has a valid cause of action in its own right. *Stonecrafters*, 633 F. Supp. 2d at 613. "The Illinois Supreme Court has made it very clear that where, as here, a putative class representative has no valid claim in his own right, he cannot bring such a claim on behalf of a putative class." *Bunting*

*v. Progressive Corp.*, 348 Ill. App. 3d 575, 581 (Ill. App. Ct. 2004); *see Chambers v. Am Trans Air, Inc.*, 17 F.3d 998, 1006 (7th Cir. 1994) (citing *Bunting* to dismiss a plaintiff's claim for unfair practice under the ICFA for unsolicited fax advertising). The loss of a single sheet of paper and a minuscule amount of toner cannot be aggregated, and is too trivial an injury to amount to an actionable conversion. *See Stonecrafters*, 633 F. Supp. 2d at 613; *see also, G.M. Sign, Inc. v. Stergo*, 681 F.Supp.2d at 932; *Rossario's*, 443 F. Supp. 2d at 980. Here, G.M. Sign lost a single sheet of paper and an immeasurably small amount of toner. At most, G.M. Sign lost a few pennies as a result of Elm Street's unsolicited fax.

Undeterred, G.M. Sign argues that it can maintain its action because the law allows for the recovery of nominal damages. But, as the judges in *Stonecrafters* and *Savanna Group* explain, there is a critical distinction between the concept of nominal damages and the doctrine of *de minimis non curat lex*. "An award of nominal damages 'presupposes a violation of sufficient gravity to merit a judgment, even if significant damages cannot be proved.'" *Savanna Group*, 2011 WL 703633 at *2 (quoting *Brandt*, 480 F.3d at 465). In contrast, when the plaintiff has suffered nothing more than *de minimis* or trifling damages at the inception of the defendant's acts, the doctrine of *de minimis non curat lex* bars recovery. To illustrate the distinction, the *Stonecrafters* decision uses an example in which a defendant takes a plaintiff's coin collection but returns it unharmed shortly thereafter. 633 F. Supp. 2d at 614-615. In such a case the plaintiff may not be able to prove any damages flowing from his temporary loss of use of his collection, but because of the gravity of the injury while the defendant detained the coins, nominal damages would be appropriate. *See Id.* Contrast this with the scenario of when a defendant

takes a plaintiff's notebook and pen, writes something on a sheet of paper, and then returns the notebook and the pen to the plaintiff. *See Id.* at 615. The paper-deprived plaintiff would have a valid claim for conversion for the lost ink and the piece of paper, but the loss would be so slight that the *de minimis* doctrine would bar any recovery. This Court is agrees with the reasoning in *Stonecrafters*, rather than the *Centerline* line of cases, that a defendant's loss of a single sheet of paper and a few drops of ink is of insufficient gravity to elicit nominal damages. Consequently, G.M. Sign's claim for conversion under Illinois law fails because the conversion was *de minimus* and nominal damages do not apply.

### B. Unfair Practice under the Illinois Consumer Fraud and Deceptive Business Practices Act

To state a cause of action under the ICFA for unfair practice, a plaintiff must allege: (1) a deceptive act or unfair practice by the defendant; (2) an intention on the part of the defendant that the plaintiff rely on the unfair practice; and (3) that the unfair practice occurred in the course of conduct involving commerce. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (1996). To determine whether a defendant's conduct constitutes an unfair practice within the meaning of the ICFA, Illinois courts ask whether the following factors are present: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (2002). Not all of the factors need to be met; an act may constitute an unfair practice based on the degree to which it meets one or more of the factors. *Id.*

The first factor in *Robinson* has been met. Sending an unsolicited fax is a violation of federal law and Illinois law. See 47 U.S.C. § 227; 720 ILCS 5/26-3. As such, sending an unsolicited fax is against public policy. If, in fact, Elm Street sent an unsolicited fax to G.M. Sign--which must be assumed to be true at this stage of litigation--then Elm Street violated public policy. The second factor focuses on whether the conduct of the defendant is immoral, oppressive or unscrupulous. A practice is oppressive when it imposes a lack of meaningful choice or an unreasonable burden on the recipient. *See e.g. Centerline*, 545 F. Supp.2d at 780. It is true that sending an unsolicited fax deprives the recipient of the choice of receiving the fax because the only alternative is for the recipient to turn off his fax machine. However, the burden imposed by the transmission of a one-page fax is not unreasonable. *See e.g. Stonecrafters*, 633 F. Supp.2d at 616 ("The improper use of one piece of paper, a small amount of toner, and a few seconds of an employee's time is not oppressive conduct, nor does it fit within the definitions of any of the other terms."); *Rossario's*, 443 F. Supp.2d at 979 ("Of the three *Robinson*-identified factors, only the "public policy" consideration is met, and the patent inapplicability of the other two factors to [the defendant]'s one-page fax advertisement heavily outweighs that one element in the evaluation called for by *Robinson*."); *W. Ry. Devices Corp v. Lusida Rubber Products, Inc.*, No. 06 C 0052, 2006 WL 1697119 at *5 (N.D. Ill. June 13, 2006) (Grady, J.) ("We conclude that the conduct alleged in this case does not constitute oppressive behavior under *Robinson*. The burden imposed by [the defendant]'s practice can hardly be characterized as unreasonable, nor does it deprive [the plaintiff] of a meaningful choice."); *G.M. Sign, Inc. v. Stergo*, 681 F. Supp.2d at 936 ("I agree with the conclusions in *Stonecrafters* and *Lusida* and

conclude that Defendant's conduct was not oppressive. Furthermore, I do not find that Defendant's conduct fits within the definition of immoral, unethical, or unscrupulous."). Improperly interfering with one piece of G.M. Sign's paper, a tiny amount of its toner, and a trivial amount of its employees' time is not oppressive conduct.

The third *Robinson* factor asks whether the defendant's conduct caused substantial injury to consumers. "A practice causes substantial injury to consumers if it causes significant harm to the plaintiff and has the potential to cause injury to a large number of consumers." *Stonecrafters*, 633 F. Supp. 2d at 617 (quoting *Wilson v. Harris N.A.*, No. 06 C 5840, 2007 WL 2608521 at *8 (N.D. Ill. Sept. 4, 2007) (internal citations and quotations omitted). The costs associated with the transmission and printing of a single fax advertisement cannot be said to cause significant harm. *See G.M. Sign, Inc. v. Stergo*, 681 F.Supp.2d at 936; *Stonecrafters*, 633 F.Supp.2d at 617; *Lusida*, 2006 WL 1697119 at *6. The law is equally unsettled when it comes to claims under the ICFA. *Compare Garrett*, 2010 WL 3034709 (dismissing claim for unfair practice under the ICFA because practice was not unfair within the meaning of the law); *Paldo Sign & Display Co.*, 2010 WL 276701 (same); *G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929 (same); *Stonecrafters*, 633 F.Supp.2d 610 (same); *Rossario's*, 443 F. Supp. 2d 976 (same); *Lusida*, 2006 WL 1697119 (same); *with Brodsky*, 2011 WL 529302 (finding claim for unfair practice under the ICFA sufficiently pled); *Glen Ellyn Pharmacy, Inc.*, 2011 WL 196925 (same); *Green*, 2009 WL 2515594 (same); *R. Rudnick & Co.*, 2009 WL 112380 (same); *ABC Business Forms, Inc.*, 2009 WL 4679477 (same); *Pollack*, 2008 WL 4874195 (same); *Sadowski*, 2008 WL 2224892; *Centerline*, 545 F. Supp. 2d 768 (same). Yet the court in *Stonecrafters* provides descriptive and persuasive analysis:

> [A] thousand people suffering damage in the amount of a couple of pennies [ . . .] only amounts to an aggregate harm of $20. The class would have to consist of 5,000 people before the alleged harm plausibly reaches even $100, although there is no indication that the class would be so large. This calculation assumes a loss of $0.02 per page for each unauthorized fax advertisement. [ . . . ] In this court's view, the estimate of two cents per page may be too generous, given the ordinary cost of paper and toner, especially if the paper is purchased in bulk (i.e. a case as opposed to a single ream). Thus, the true aggregate amount of harm may be even lower than noted above. [ . . . ] Nevertheless, even though neither the number of potential class members nor the actual amount of damages is known at this time, this court finds that any allegation of a substantial injury in plaintiff's ICFA claim is not plausible. In sum, a review of the *Robinson* factors reveals that plaintiff's claim under the ICFA fails to properly allege an unfair practice.

*Stonecrafters*, 633 F. Supp. 2d at 617 (citations omitted). Under the *Stonecrafters* analysis, as followed in *G.M. Sign v. Stergo*, G.M. Sign's allegation that 40 or so other class members sustained similar injury would amount to an aggregate harm of $0.80. This Court finds $0.80 to be insufficient to constitute "substantial injury to consumers" and even if 5,000 injured parties were identified, their injury would reach the sum of $100–-which does not plausibly constitute a substantial injury. In sum, the second and third *Robinson* factors are not outweighed by the first factor. Consequently, G.M. Sign's claim under the ICFA fails to properly allege an unfair practice.

Elm Street requests that the Court award it the attorneys' fees associated with defending G.M. Sign's claims, invoking § 505/10a(c) of the ICFA. Section 10a© expressly authorizes a court, at its discretion, to award reasonable attorneys' fees and costs to the prevailing party, which in the case of a prevailing defendant requires that the court make a threshold finding that the plaintiff acted in bad faith. 815 ILCS 505/10a(c); *Krautsack v. Anderson*, 223 Ill. 2d 541, 554, 559 (Ill. 2006). G.M. Sign's suit against Elm Street is nearly identical to its suit against a different

defendant two years ago in *G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929, 934 (N.D. Ill. 2009). However, as the court in *Stergo* states, the "question has split our Court" and until either the Supreme Court of Illinois or the Seventh Circuit addresses the split, a plaintiff pursuing a claim against a different defendant in a different court within the Northern District of Illinois cannot be admonished for acting in bad faith. The Court, in its discretion, declines to award Elm Street its attorney's fees associated with defending G.M. Sign's claim under the ICFA.

**IV. CONCLUSION**

The Court grants Elm Street's motion to dismiss Count II alleging conversion under Illinois law, and Count III alleging violation of the ICFA.

________________________________________
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 15, 2012